UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **MICHAEL MARTINEZ, #957560,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **SA-26-CV-00107-XR** |
| | § | |
| **OFFICER F/N/U BERNHARD, #224,** | § | |
| **Bexar County Adult Detention Center;** | § | |
| **OFFICER F/N/U ZINN, #5021, Bexar** | § | |
| **County Adult Detention Center; and** | § | |
| **OFFICER F/N/U PENA, Bexar County** | § | |
| **Adult Detention Center,** | § | |
| | § | |
| **Defendants.** | § | |

**ORDER OF DISMISSAL**

Before the Court is *pro se* Plaintiff Michael Martinez's 42 U.S.C. § 1983 Civil Rights Complaint. (ECF No. 1). Martinez is proceeding *in forma pauperis* ("IFP"). After review, the Court orders Martinez's § 1983 Complaint **DISMISSED WITH PREJUDICE** as malicious and frivolous. (ECF No. 1); *see* 28 U.S.C. §§ 1915(e)(2)(B)(i), 1915A(b)(1).

**BACKGROUND**

Martinez is currently confined in the Bexar County Adult Detention Center ("BCADC") based on his arrest and indictment for the offenses of manufacture or delivery of a controlled substance and possession of a controlled substance. *See* Register of Actions - 2025CR011503 (last visited Jan. 14, 2025); Jail View (same). While confined, Martinez filed this § 1983 action against three officials from the BCADC: (1) Officer F/N/U Bernhard, #224; (2) Officer F/N/U Zinn, #5012; and (3) Officer F/N/U Pena. (ECF No. 1). As to Officer Bernhard, Martinez alleges that on or about January 30, 2024, the officer threw away his legal mail, threatened his life, and assaulted

him. (*Id.*). Martinez further contends that on or about December 23, 2023, Officer Zinn threatened his life and assaulted him while he was handcuffed, bending his wrists to force him into a cell. (*Id.*). Finally, regarding Officer Pena, Martinez alleges that "during COVID," the officer spit on him. (*Id.*).

### STANDARD OF REVIEW

When an inmate seeks redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). If a plaintiff is proceeding IFP, his complaint is also subject to screening under § 1915(e)(2). Both statutes provide for *sua sponte* dismissal of a complaint—or any portion thereof—if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

A complaint is frivolous if it lacks an arguable basis in law or fact, i.e., when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)). A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Although a court must construe a *pro se*'s allegations liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a plaintiff's *pro se* status does not offer him "an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

### ANALYSIS

When an inmate raises claims in a § 1983 complaint that duplicate claims in a pending suit by the same inmate, such claims are subject to dismissal as malicious or frivolous. *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993); *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir. 1989). A case is duplicative if it involves "the same series of events" and allegations of "many of the same facts as an earlier suit." *Lewis v. Sec'y of Pub. Safety & Corr.*, 508 F. App'x 341, 343–44 (5th Cir. 2013) (per curiam) (quoting *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988)). It is well–settled that "res judicata bars all claims that were brought or could have been brought based on the operative factual nucleus." *Ellis v. Amex Life Ins. Co.,* 211 F.3d 935, 938 n. 1 (5th Cir. 2000). A complaint is thus malicious when it "duplicates allegations of another pending federal lawsuit by the same plaintiff" or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation. *Pittman*, 980 F.2d at 994–95.

### A. Officer Bernhard and Officer Zinn

In August 2025, prior to filing this action and while confined, Martinez filed a § 1983 action against three officials from the BCADC, including Officer Bernhard and Officer Zinn. *See Martinez v. Zinn, et al.*, No. 5:25-CV-00980-FB (W.D. Tex. filed Aug. 8, 2025, pending) (ECF No. 1). In the August 2025 suit, Martinez claims that on January 30, 2024, Officer Bernhard

threw his legal mail in the trash, threatened him, and assaulted him. *Id.* He further contends that on December 23, 2023, Officer Zinn threatened and assaulted him while he was handcuffed, bending his wrists to force him to move. *Id.*

The Court finds that Martinez's claims against Officers Bernard and Zinn in the present § 1983 suit are identical to those raised by Martinez in the earlier filed action, arising from exactly the same events and operative facts on the very same dates. *Compare Martinez v. Bernhard, et al.*, No. 5:26-CV-00107-XR (W.D. Tex. filed Jan. 5, 2026, pending) (ECF No. 1), *with Martinez v. Zinn*, No. 5:25-CV-00980-FB (W.D. Tex. filed Aug. 8, 2025, pending) (ECF No. 1). Accordingly, the § 1983 claims in this action against Officer Bernhard and Officer Zinn are malicious and frivolous as they are duplicative of Martinez's claims against these same Defendants in his previously filed suit. *Compare Martinez v. Bernhard, et al.*, No. 5:26-CV-00107-XR (W.D. Tex. filed Jan. 5, 2026, pending) (ECF No. 1), *with Martinez v. Zinn*, No. 5:25-CV-00980-FB (W.D. Tex. filed Aug. 8, 2025, pending) (ECF No. 1); *see Pittman*, 980 F.2d at 994–995. Because Martinez's § 1983 claims against Officer Bernhard and Officer Zinn in this suit duplicate the claims and allegations he asserted against them in his first § 1983 action, the Court finds such claims are subject to dismissal as malicious and frivolous. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i), 1915A(b)(1).

### B. Officer Pena

In May 2022, while confined, Martinez filed a § 1983 action alleging civil rights violations against numerous individuals and entities. *See Martinez v. Pena, et al.*, No. 5:22-CV-00551-XR (W.D. Tex. dism'd Aug. 22, 2022) (ECF No. 1). In response to the Court's Show Cause Order, Martinez filed an Amended Complaint that included claims against an unidentified detective with

4

the Bexar County Sheriff's Office, two non–jural entities within the BCADC, and two BCADC officials. *Id.* (ECF No. 10). One of the BCADC officials sued by Martinez in the 2022 action was Officer Pena. *Id.* In the 2022 suit, Martinez claimed that on April 7, 2022, Officer Pena "spit" on his chest, assaulted him, and threw his food on the floor. *Id.* (ECF No. 10).

Martinez's claim in the present § 1983—that Officer Pena spit on him—is identical to one of the claims raised against Officer Pena by Martinez in the earlier filed action. *Compare Martinez v. Bernhard, et al.*, No. 5:26-CV-00107-XR (W.D. Tex. filed Jan. 5, 2026, pending) (ECF No. 1), *with Martinez v. Pena, et al.*, No. 5:22-CV-00551-XR (W.D. Tex. dism'd Aug. 22, 2022) (ECF No. 10). Thus, the Court finds the § 1983 claim in this action against Officer Pena is malicious and frivolous as it is duplicative of one of Martinez's claims against this same Defendant in the 2022 civil rights suit.[1] *Compare Martinez v. Bernhard, et al.*, No. 5:26-CV-00107-XR (W.D. Tex. filed Jan. 5, 2026, pending) (ECF No. 1), *with Martinez v. Pena, et al.*, No. 5:22-CV-00551-XR (W.D. Tex. dism'd Aug. 22, 2022) (ECF No. 10); *see Pittman*, 980 F.2d at 994–995. Because Martinez's claim against Officer Pena is duplicative of the claim he asserted in his prior § 1983 action, the Court finds his present claim is subject to dismissal as malicious and frivolous. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i), 1915A(b)(1).

### NO RIGHT TO AMEND

Generally, a court should allow a *pro se* plaintiff an opportunity to further develop his allegations or remedy inadequacies in his complaint before dismissal. *See Neitzke v. Williams*, 490 U.S. 319, 329 (1989); *Century Sur. Co. v. Blevins*, 799 F.3d 366, 372 (5th Cir. 2015). That said, the Fifth Circuit holds that allowing a *pro se* plaintiff to further develop his allegations is

---

[1] Martinez seemingly recognizes the duplicative nature of his claim against Officer Pena because in his request for relief in this action he asks for compensatory damages and to have his case against the officer "re–opened due to unfair legal timelines (Pena) vs. Martinez." (ECF No. 1).

"unnecessary in cases where the … legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, 9, n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 928); *see Brown v. Taylor*, 928 F.3d 365, 370 (5th Cir. 2016); *Blevins*, 799 F.3d at 372. Here, the Court finds that affording Martinez an opportunity to amend his claims is unnecessary because they cannot be amended to avoid their duplicative and malicious nature. *See, supra.*

### CONCLUSION

Martinez's claims against Officers Bernhard, Zinn, and Pena duplicate claims and allegations asserted against these same officers in two earlier filed cases. *See, supra.* Thus, the Court finds his claims against these Defendants are subject to dismissal as malicious and frivolous. *See Pittman*, 980 F.2d at 995; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i), 1915A(b)(1).

**IT IS THEREFORE ORDERED** that Martinez's 42 U.S.C. § 1983 Civil Rights Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE** as malicious and frivolous. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i), 1915A(b)(1).

It is so **ORDERED**.

**SIGNED** this 14th day of January, 2026.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE